IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP J. CHARVAT on behalf of himself : 
and others similarly situated, :
:
Plaintiff, : Case No. 2:14-cv-01747
:
v. :
:
COLUMBUS ADVISORY GROUP, LTD., :
:
Defendant. :
_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Philip Charvat ("Plaintiff" or "Mr. Charvat") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant Columbus Advisory Group, LTD. ("Columbus Advisory") placed telemarketing calls to a telephone number Mr. Charvat had registered on the national Do Not Call Registry.

3. Mr. Charvat never consented to receive these calls, and they were placed to him for telemarketing purposes.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Columbus Advisory.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

6. Plaintiff Philip Charvat is a resident of the state of Ohio.

7. Defendant Columbus Advisory Group, LTD. is a New York corporation that has its principal office in New York City.

### Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

### TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

> *The TCPA prohibits telemarketing calls to numbers listed*
> *on the Do Not Call Registry, unless the caller*
> *has the recipient's signed, written consent.*

11. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

14. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

## Factual Allegations

### *Columbus Advisory places telemarketing calls to the Plaintiff.*

15. Columbus Advisory purports to be a wealth management and investment banking firm.

16. Columbus Advisory uses telemarketing to obtain new clients.

17. On May 20, 2014 and August 6, 2014, the Plaintiff received telephone calls from telemarketing representatives calling from Columbus Advisory.

18. During the telemarketing calls to the Plaintiff, Columbus Advisory offered to sell the Plaintiff bonds.

19. During one of the calls, the Plaintiff was given the website, www.Columbus AdvisoryGroup.com.

3

20. That website is owned and operated by the Defendant.

21. During one of the telemarketing calls, the Plaintiff was also given a telephone number of (212) 586-7525, for the calling party.

22. That number is the phone number for one of the Defendant's offices.

23. Plaintiff is not a customer of Defendant, and has not provided Defendant with his personal information or telephone number.

24. Both calls were placed to telephone number (614) 895-XXXX that Plaintiff had listed on the national Do Not Call Registry more than two years prior to the telephone calls.

25. On both of the calls, the telemarketer from the Defendant informed the Plaintiff that Michael Murphy is the Chief Executive Officer of the Defendant, and regularly appears on CNBC.

26. Unfortunately, the Plaintiff's experience with Columbus Advisory is not unique, as others have complained about similar activities from the same telephone numbers the Plaintiff received telemarketing calls from:

> 5 calls in 2 days from the same person.  Asked for owner by full name.  First 4 times he hung up when I said he wasn't in, this last time he kept insisting I had to give him owner's personal phone number and was badgering in nature.  Badgering enough were someone came over to my desk to see who I was talking to.
> *Caller: Olympia Asset Management*
> Cordelia, March 26, 2013

*See* http://800notes.com/Phone.aspx/1-212-586-7525 (Last Visited September 11, 2014).

**Class Action Allegations**

27. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

4

28. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

29. Excluded from the class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

30. The class as defined above is identifiable through phone records and phone number databases.

31. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

32. Plaintiff is a member of the class.

33. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a. Whether Columbus Advisory violated the TCPA by calling individuals on the National Do Not Call Registry;

   b. Whether Columbus Advisory placed calls without obtaining the recipients' prior consent for the call;

   c. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Columbus Advisory's actions.

34. Plaintiff's claims are typical of the claims of class members.

35. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. The actions of Columbus Advisory are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

42. The Defendant's violations were negligent and/or knowing.

## Count Two:
## Injunctive relief to bar future TCPA violations

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA authorizes injunctive relief to prevent further violations of the TCPA. The Plaintiff respectfully petitions this Court to order the Defendant, and its employees, agents, and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That Columbus Advisory be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Columbus Advisory, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Jennifer A. Hemenway (0089127)
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH  43204
(614) 488-0400
(614) 488.0401 *facsimile*
E-mail: murphy@mmmb.com
           murray@mmmb.com
           moul@mmmb.com
           hemenway@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 314-7783 *facsimile*
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
*Subject to Pro Hac Vice*